SCOTT N. SCHOOLS (SC 9990)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

THOMAS M. O'CONNELL (NYSBN 1801950)
STEPHANIE M. HINDS (CSBN 154284)
Assistant United States Attorneys

   150 Almaden Blvd, Suite 900
   San Jose, CA 95113
   Telephone: (408) 535-5053
   Fax: (408) 535-5066

   email: thomas.o'connell@usdoj.gov
           stephanie.hinds@usdoj.gov

UNITED STATES OF AMERICA

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT VILLARREAL, <br><br> Defendant. | Case No. CR-07-00509-JW <br><br> APPLICATION OF THE UNITED STATES FOR A PRELIMINARY ORDER OF FORFEITURE |

    The United States of America, by and through the undersigned Assistant United States Attorneys, respectfully submit this Application of the United States for Issuance of a Preliminary Order of Forfeiture in the above-captioned case. In support thereof, the United States sets forth the following:

    On August 2, 2007, defendant Robert Villarreal was charged by indictment with violations of Title 26, United States Code, Section 5861(d) (possession of an unregistered firearm). The indictment also sought criminal forfeiture, pursuant to Title 18, United States Code, Section 924(d)(1), of:

///

///

a.  a Mossberg 12 gauge shotgun, Model 5500 MKII, serial number obliterated; and

b.  a Smith & Wesson .38 revolver, Model 38 Special CTG, serial number K78638 (hereinafter "subject property").

On December 3, 2007, defendant, Robert Villarreal, pled guilty to a violation of Title 26, United States Code, Section 5861(d), and as such the subject property is forfeitable to the United States, pursuant to the provisions of Title 26, United States Code, Section 5872

Rule 32.2 (b)(1) of the Federal Rules of Criminal Procedure provides that as soon as practicable after entering a guilty verdict or accepting a plea of guilty or nolo contendere on any count in an indictment or information with regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute. If forfeiture of specific property is sought, the court shall determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment against the defendant, the court shall determine the amount of money that the defendant will be ordered to pay. The court's determination may be based on evidence already in the record, including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt.

Pursuant to Rule 32.2(b)(2), if the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of specific property without regard to any third party's interest in all or part of it. Determining whether a third party has such an interest shall be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Rule 32.2(b)(3) further provides that the entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. At sentencing - or at any time before sentencing if the defendant consents - the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and included in the judgment. The court may include in the order of forfeiture conditions

1  reasonably necessary to preserve the property's value pending any appeal.

2      The United States has established the requisite nexus between the subject property and
3  the offense to which the defendant pled guilty. Pursuant to the provisions of Title 18, United
4  States Code, Sections 924(d), any and all right, title, and interest that the defendant holds in the
5  aforesaid property is forfeitable to the United States.

6      Upon the issuance of a Preliminary Order of Forfeiture and pursuant to Title 21, United
7  States Code, Section 853(n), the United States will publish at least once for three successive
8  weeks in a newspaper of general circulation, notice of this Order, notice of its intent to dispose of
9  the property in such manner as the Attorney General may direct and notice that any person, other
10 than the defendant, having or claiming a legal interest in the property must file a petition with the
11 Court and serve a copy on Thomas O'Connell, Assistant United States Attorney, or Stephanie M.
12 Hinds, Assistant United States Attorney, within thirty (30) days of the final publication of notice
13 or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be
14 for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be
15 signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the
16 petitioner's right, title or interest in the forfeited property and any additional facts supporting the
17 petitioner's claim and the relief sought. The United States may also, to the extent practicable,
18 provide direct written notice to any person known to have alleged an interest in the property that
19 is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to
20 those persons so notified.

21     WHEREFORE, the United States respectfully requests that this Court enter a Preliminary
22 Order of Forfeiture which provides for the following:

23     a.  authorizes the forfeiture of the subject property to the United States;
24     b.  directs the United States, through its appropriate agency, to seize the forfeited
25 property forthwith; and
26     c.  directs the United States to publish at least once for three successive weeks in a
27 newspaper of general circulation, notice of this Order, notice of the government's intent to
28 dispose of the property in such manner as the Attorney General may direct and provide notice

1 | that any person, other than the defendants, having or claiming a legal interest in the property
2 | must file a petition with the Court and serve a copy on government counsel within thirty (30)
3 | days of the final publication of notice or of receipt of actual notice, whichever is earlier.

4
5 | Dated: 12/21/07                          Respectfully submitted,

                                             SCOTT N. SCHOOLS
6 |                                          United States Attorney

7 |                                                    /S/

8 |                                          THOMAS O'CONNELL
                                             STEPHANIE M. HINDS
9 |                                          Assistant United States Attorneys