THOMAS J. FERRITO
 Attorney At Law
   SBN 45133
101 Church Street, Suite 14
Los Gatos, California 95030-6928
     Telephone: (408) 354-6655
     Facsimile: (408) 354-6585

Attorney for Defendant
     ROBERT VILLARREAL

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ] | NO. CR-07-00509-JW |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | SENTENCING MEMORANDUM |
| | ] | FOR DEFENDANT |
| | ] | ROBERT VILLARREAL |
| ROBERT VILLARREAL, | ] | |
| | ] | |
| | ] | |
| Defendant. | ] | |

Defendant ROBERT VILLARREAL submits the following sentencing memorandum in support of his request that the court impose a sentence of 37 months as agreed upon between himself and the government in the Rule 11(c)(1)(A) and (C) plea agreement.

The defendant does not disagree with the analysis contained in the government's sentencing memorandum.

However, he does disagree with the understanding of the USPO that he had suffered a California state court felony conviction, thereby requiring under the guidelines that his Base Offense Level be 20 rather than 18, and that his Adjusted Offense Level be 19 instead of 17, the latter each of which was used in the plea agreement.

The understanding of the USPO is based upon the difference between defendant's rap sheet and state court documents wherein the <u>former</u> indicates that on July 30, 1996 in the Superior Court of the County of San Benito, the defendant suffered a <u>misdemeanor</u> conviction of California Penal Code Section 32 (Accessory) to Section 459 (Burglary) and the <u>latter</u> indicates that the defendant had suffered a <u>felony</u> conviction for the same offense.

It is undisputed, however, that the sentence which was actually imposed on the defendant was one year in the county jail, to run concurrent with another misdemeanor sentence of 60 days imposed on that same date.[1] Defendant submits that, for the reasons set forth below, the imposition of a sentence of one year in the county jail instead of state prison time resulted in a misdemeanor conviction, <u>not</u> a felony conviction.

---

[1] Defendant does not recall even serving a year or its equivalent in the county jail. Rather he recalls serving about a month and then being released on electronic monitoring for a period of time. Defense counsel is attempting to contact the attorneys and probation officer involved in this case for additional information.

2

California Penal Code Section 33 (Accessories; punishment) provides, in pertinent part: "… an accessory is punishable by imprisonment in the sate prison, or in a county jail not exceeding on year…. (Emphasis added.)

Similarly, California Penal Code Section 459 (Burglary) provides a sentence of "…imprisonment in the state prison" for first degree burglary and "…imprisonment in the county jail not exceeding one year or in the state prison" for second degree burglary. (Emphasis added.)

California Penal Code Section 17 (Felony; misdemeanor; infraction; classification of offenses) provides in sub-paragraph (b):

> When a crime is punishable, in the discretion of the court, by imprisonment is the state prison… or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:
> (1) After a judgment imposing a punishment other than imprisonment in the state prison.

Having been sentenced to one year in the county jail for a violation of California Penal Code Section 32 (Accessory) to Penal Code Section 459 (Burglary) instead of state prison time, the defendant was therefore convicted of a misdemeanor, not a felony.

Accordingly, the Base and Adjusted Offense levels contained in the plea agreement appear to be correct, and with

3

a Criminal History of IV, the agreed upon sentence of 37 months should be imposed.

Dated: February 11, 2008.

Respectfully submitted,

---

THOMAS J. FERRITO
Attorney for Defendant
ROBERT VILLRREAL